[No. B210323. Second Dist., Div. Eight. Dec. 21, 2009.]

MORIS SAKHAI et al., Plaintiffs and Appellants, v.
ATWAIN ZIPORA et al., Defendants and Respondents.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

---

*Pursuant to California Rules of Court, rules 8.1100 and 8.1110, this opinion is certified for publication with the exception of parts I., III., IV. and V.

## COUNSEL

Schuler & Brown, Jack M. Schuler and Sam D. Ekizian for Plaintiffs and Appellants.

Law Offices of Thomas O'Hagan and Harvey L. Goldhammer for Defendant and Respondent Atwain Zipora.

Goates & McCarthy and David A. Koester for Defendant and Respondent Wilshire Manning Homeowners Association.

## OPINION

**BIGELOW, J.**—In the summer of 2003, appellants Moris Sakhai and Nayer Azadegan filed suit against several defendants alleging claims for trespass and negligence. By the spring of 2008, appellants had not brought the case to

trial. The trial court, on its own motion, dismissed the case for delay in prosecution under Code of Civil Procedure section 583.410 et seq.[1] The court later denied appellants' motion to set aside the dismissal under section 473, subdivision (b) due to attorney mistake, inadvertence, surprise, or excusable neglect. Appellants contend the trial court's orders were in error and an abuse of discretion. In the published portion of this opinion, we conclude the trial court gave proper notice of its order to show cause as to why the case should not be dismissed for delay in prosecution, in accordance with rule 3.1340(b). We modify the trial court's order of dismissal to one without prejudice, and otherwise affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2000, appellants were leasing an apartment on Wilshire Boulevard. According to appellants, a water pipe burst in the building, causing flooding and damage to appellants' property. In June 2003, appellants filed suit against five named defendants, including respondent Atwain Zipora, and numerous Doe defendants. The complaint asserted claims for negligence and trespass.

The record is silent as to what took place in the case between June 2003 and March 2005. In March 2005, appellant Sakhai filed for bankruptcy. The trial court subsequently stayed the instant action. In December 2005, the bankruptcy action was dismissed, and appellants informed the court the action was ready to be set for trial. The court told the parties the case would be reassigned, and set a further status conference and trial setting conference for January 2006.

The record does not include a transcript or other record of the trial setting conference, but at some point the case was set to go to trial in April 2007. In February 2007, appellants sought leave to file a second amended complaint. The proposed second amended complaint asserted additional causes of action for breach of covenant/equitable servitude, breach of contract, and nuisance. The added claims were based on alleged breaches of the covenants, conditions, and restrictions, bylaws, and rules and regulations of respondent Wilshire Manning Homeowners Association (Wilshire Manning), which governed the building.

At the March 2007 hearing on appellants' motion for leave to amend, appellants' counsel represented that the amended complaint alleged no new facts, and no additional discovery would be necessary. Counsel for respondent Zipora argued the additional causes of action fundamentally changed the

---

[1] All further statutory references are to the Code of Civil Procedure. All references to rules are to the California Rules of Court.

case, and further time would be required to allow for a motion for summary adjudication. Appellants did not object to a trial continuance. The court warned: "All right. The court is inclined to grant the amendment. The question is whether defense actually wants the continuance. Plaintiff is amenable. I'll tell you that if there is a continuance, it's not going to be a short one because I have other people relying on their trial dates." The court granted appellants leave to file the amended complaint and offered a February 4, 2008 trial date, which the parties accepted. The court also reminded the parties to comply with a previously issued trial order.

The record is silent as to what happened in the case over the nine months following the hearing on appellants' motion seeking leave to file a second amended complaint. In January 2008, the trial court issued the following order sua sponte:

"Notwithstanding the March 8, 2007 Order granting leave to file a second amended complaint, neither that complaint, nor any answer thereto, has been filed. Nor has any party complied with the June 29, 2006 Order Regarding Trial Preparation and Management, viz., no joint [or separate] documents have been timely filed in advance of the Final Status Conference, now reset for January 22, 2008. This action was filed on June 12, 2003 and has been set and reset for trial. It is now 4 and one half years old.

"Good cause appearing, each party shall show cause on Tuesday, January 22, 2008 why counsel should not be sanctioned for failing to timely file the trial documents specified in the Trial Order and in [California court and Los Angeles Superior Court rules.] On February 4, 2008 at 8:30 a.m. each party [seeking] affirmative relief shall show cause why this action should not be dismissed for failure to bring to trial within three years of its filing."

At the January 22, 2008 hearing, appellants' counsel explained his office had received a copy of the complaint marked "received" by the court, and mistakenly interpreted the notation as an indication the complaint was filed. Counsel also claimed to be unaware that pretrial filings were due. Although Zipora answered the complaint the morning of the hearing, Wilshire Manning had yet to answer or file a responsive pleading. The trial court discussed a trial date with the parties. The following colloquy ensued:

"Court: We have 15 and 18 cases set for each trial each month now set until next fall. So is there anything that compels this to be set before the fall?

"[Appellants' counsel]: I don't know, but isn't there a five-anniversary year date?

"Court: That is a good question, because this case is old to begin with. Let's see. You may need to bring a motion to advance it. . . . [¶] . . . [¶] . . .

The court is going to vacate the trial date and FSC date. The plaintiffs need date to set this, because I don't have dates before October. The plaintiffs have to show good cause. The next date the court has is in October. . . . If plaintiff wants to go to trial before five years, he needs to make a motion."

On January 25, 2008, appellants filed the second amended complaint. On February 18, 2008, Wilshire Manning demurred to the second amended complaint. The demurrer asserted the second amended complaint failed to state a cause of action against Wilshire Manning because it alleged facts regarding only Zipora's actions and pled no facts about Wilshire Manning's acts, or its failure to act. At an April 1, 2008 hearing, the trial court sustained Wilshire Manning's demurrer with leave to amend. The court also ordered appellants to appear on April 29, 2008, to show cause as to why the action should not be dismissed for delay in prosecution pursuant to sections 583.410, subdivision (a), and 583.420, subdivision (a)(2)(A).

On April 11, 2008, appellants filed their third amended complaint. In response to the court's order to show cause, appellants' counsel filed a declaration arguing any substantial delay in the case was not attributable to appellants' failure to prosecute. Appellants asserted the bankruptcy stay was the only source of significant delay in the case. They further contended information they received through discovery resulted in the filing of the second and third amended complaints, and the amendments "made bringing the action to trial impossible, impracticable or futile as additional theories of liability required the parties involved to propound additional discovery and take additional depositions."

On April 29, 2008, the trial court dismissed the case due to appellants' failure to bring it to trial within three years. The court noted that even when the bankruptcy stay was subtracted, four years and three months had elapsed since appellants filed their original complaint. Moreover, at the hearing, respondents' counsel indicated appellants had conducted discovery during the bankruptcy stay; appellants' counsel did not know whether this was true and could not dispute the point.

On June 6, 2008, appellants filed an ex parte application for an order shortening the time for hearing on a motion to set aside the dismissal under section 473, subdivision (b). Appellants contended their counsel made two mistakes that should be excused: (1) representing to the court that appellants' amended complaints were necessitated by the discovery of new facts rather than demurrers to the complaints; and (2) failing to file and serve the second amended complaint. The trial court denied the request for an order shortening the notice period. The court also noted appellants never filed a motion to set the case for trial, despite the court's suggestion that they do so in order to avoid dismissal.

On June 30, 2008, appellants filed their motion seeking an order setting aside the dismissal under section 473, subdivision (b). Appellants again argued the bankruptcy stay delayed the trial. Appellants additionally contended trial was delayed because in March 2007 the court set a February 2008 trial date to accommodate its congested calendar. The motion also reasserted the arguments advanced in the previous ex parte application. On July 22, 2008, the trial court denied the motion. This appeal followed.

## DISCUSSION

I. *Jurisdiction**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

II. *The Trial Court Gave Proper Notice of the Discretionary Dismissal Hearing*

Appellants contend the trial court was required to give the parties 45 days' notice before a hearing on a discretionary dismissal under section 583.410. We disagree.

■   Section 583.410, subdivision (b) provides that a discretionary dismissal for delay "shall be pursuant to the procedure and in accordance with the criteria prescribed by rules adopted by the Judicial Council." Rule 3.1340(b) states: "If the court intends to dismiss an action on its own motion, the clerk must set a hearing on the dismissal and mail notice to all parties at least 20 days before the hearing date." (*Roman v. Usary Tire & Service Center* (1994) 29 Cal.App.4th 1422, 1428 [35 Cal.Rptr.2d 329].)   ■   Here, the trial court gave the parties notice of the order to show cause why the action should not be dismissed for delay in prosecution 28 days before the hearing. This was more than enough notice under rule 3.1340(b).

■   Appellants ignore rule 3.1340(b) and instead cite rule 3.1342 which provides that a *party* seeking dismissal of a case for delay in prosecution must serve and file a notice of motion at least 45 days before the date set for a hearing on the motion. Rule 3.1342 explicitly applies to a party in the action, whereas rule 3.1340(b) explicitly applies to the court's own motion to dismiss the case. Since the dismissal occurred in this case on the court's own motion, rule 3.1340(b) applied.

Appellants cite *Franklin Capital Corp. v. Wilson* (2007) 148 Cal.App.4th 187 [55 Cal.Rptr.3d 424] (*Franklin*), for the proposition that the court must

---

*See footnote, *ante*, page 593.

provide 45 days' notice before dismissing an action for delay in prosecution. In *Franklin*, the defendant filed a motion to dismiss for delay in prosecution. The following month, the trial court issued an order to show cause (OSC) regarding dismissal or sanctions. The minute order setting the OSC hearing did not mention any authority on which the OSC would proceed. (*Id.* at p. 191.) Two days before the hearing, the defendant's counsel filed a declaration in support of dismissal of the action, incorporating the defendant's earlier motion to dismiss. The day before the hearing, the plaintiff voluntarily dismissed the action. The day of the OSC, plaintiff's counsel did not appear; thus the court ordered a dismissal with prejudice. A resulting minute order did not cite statutory or case authority for the dismissal, but indicated the dismissal was for lack of prosecution and also alluded to counsel's failure to pay previously assessed sanctions. (*Id.* at p. 192.)

The Court of Appeal found several errors in the trial court's ruling, including the failure to provide adequate notice, assuming the dismissal was a discretionary dismissal for failure to bring the case to trial under section 583.410. The court referenced rule 3.1342 (then recently renumbered from rule 373), and found the plaintiff had received only 14 days' notice, less than that required by rule 3.1342. (*Franklin, supra*, 148 Cal.App.4th at p. 214.)

As respondent Wilshire Manning points out, *Franklin* differs from the case at bar in that the defendant first filed a motion to dismiss for delay in prosecution. Although *Franklin*'s discussion of notice focused solely on the trial court's OSC and resulting dismissal, rather than on the defendant's first motion to dismiss for delay, the court did not address the applicability of rule 3.1340(b).

We are aware of no legal authority other than *Franklin* that suggests the court must comply with rule 3.1342 when acting on its own motion to dismiss a case for delay in prosecution, nor does appellant cite to any other authority to support this contention. Prior to 1990, when rule 3.1340(b) was adopted (as rule 372), neither the Code of Civil Procedure, nor the rules of court specifically stated how much notice the court was required to give when initiating a discretionary dismissal motion on its own. Thus, in *Wilson v. Sunshine Meat & Liquor Co.* (1983) 34 Cal.3d 554, 560 [194 Cal.Rptr. 773, 669 P.2d 9], our Supreme Court noted some Courts of Appeal had found the trial court was bound to comply with the rule (then 203.5(a)) requiring parties to provide 45 days' notice. The *Wilson* court further noted that, by its terms, the rule applied only to a *party* seeking dismissal, but the court did not decide whether cases applying the subdivision to a trial-court-initiated motion were incorrect. However, rule 3.1340(b) eliminated any confusion by specifying how much notice the court, as opposed to a party, must give. (See *Eliceche v. Federal Land Bank Assn.* (2002) 103 Cal.App.4th

1349, 1366, fn. 15 [128 Cal.Rptr.2d 200] [noting *Wilson* discussion and revision to rule providing that court must give 20 days' notice].)

Given that rule 3.1340(b) sets forth a specific notice period for dismissal on the court's own motion, we must respectfully disagree with *Franklin* to the extent the case holds the court must provide 45 days' notice if it intends to dismiss a case under section 583.410 et seq. on its own motion.[2]

III.–V.[*]

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISPOSITION

The trial court's order of dismissal is modified to a dismissal without prejudice. The judgment is otherwise affirmed. Respondents are to recover their costs on appeal.

Flier, Acting P. J., and Mohr, J.,[†] concurred.

---

[2] However, we note that application of rule 3.1340(b) in *Franklin* would not have affected the result in that case; the trial court gave only 14 days' notice, rather than the 20 days that rule 3.1340(b) requires.

[*] See footnote, *ante*, page 593.

[†] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.